**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BARBA, SR; and NORMA BARBA,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF HUNTINGTON PARK; MIGUEL SANCHEZ; JESUS VERIELL; SAUL RODRIGUEZ; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. **2:22-cv-8987**<br><br>**COMPLAINT FOR DAMAGES**<br><br>Pursuant to (42 U.S.C. § 1983):<br>1.    Unreasonable Detention and Arrest<br>2.    Excessive Force<br>3.    Denial of Medical Care<br>4.    Interference with Familial Relations<br>5.    Supervisor Liability<br>6.    Municipal Liability—Ratification<br>7.    Municipal Liability—Inadequate Training<br>8.    Municipal Liability—Unconstitutional Custom, Practice, or Policy<br>Pursuant to State Law:<br>9.    False Arrest/False Imprisonment<br>10.   Battery (Survival/Wrongful Death)<br>11.   Negligence (Wrongful Death)<br>12.   Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs HECTOR BARBA, SR, father of Decedent HECTOR BARBA, JR; and NORMA BARBA, mother of Decedent HECTOR BARBA, JR, for their Complaint against Defendants CITY OF HUNTINGTON PARK; MIGUEL SANCHEZ; JESUS VERIELL; SAUL RODRIGUEZ; and DOES 1-10, inclusive, and allege as follows:

## **JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of HECTOR BARBA, JR, on January 18, 2022.

## **PARTIES**

4.      At all relevant times, Decedent HECTOR BARBA, JR ("BARBA) was an individual residing in the County of Los Angeles, California.

5.      At all relevant times, Plaintiff HECTOR BARBA, SR was an individual residing in the County of Los Angeles, California and is the natural father of HECTOR BARBA, JR. HECTOR BARBA, SR sues in his individual capacity as the father of HECTOR BARBA, JR, and as an individual separately for damages. HECTOR BARBA, SR seeks wrongful death and survival damages under federal and state law.

6.      At all relevant times, Plaintiff NORMA BARBA was an individual residing in the County of Los Angeles, California and is the natural mother of HECTOR BARBA, JR. NORMA BARBA sues in her individual capacity as the mother of HECTOR BARBA, JR. NORMA BARBA seeks wrongful death and survival damages under federal and state law.

7.      At all relevant times, Defendant MIGUEL SANCHEZ ("SANCHEZ") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, SANCHEZ acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the City of Huntington Park Police Department ("HPPD"), and under the color of the statutes and regulations of the State of California. At all relevant times, SANCHEZ acted within the course and scope of his employment as a CITY police officer. On information and belief, SANCHEZ is and was at all relevant times a resident of this judicial district. SANCEZ used excessive and unreasonable deadly force against Decedent HECTOR BARBA, JR.

8.      At all relevant times, Defendant JESUS VERIELL ("VERIELL") was a duly appointed CITY Senior Police Officer and/or employee or agent and supervisor for CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, VERIELL acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the HPPD, and under the color of the statutes and regulations of the

1  State of California. At all relevant times, VERIELL acted within the course and

2  scope of his employment as a CITY police officer. On information and belief,

3  VERIELL is and was at all relevant times a resident of this judicial district.

4  VERIELL used excessive and unreasonable less-lethal force against Decedent

5  HECTOR BARBA, JR.

6       9.    At all relevant times, Defendant SAUL RODRIGUEZ

7  ("RODRIGUEZ") was a duly appointed CITY Senior Police Officer and/or employee

8  or agent and supervisor for CITY, subject to the oversight and supervision of CITY'S

9  elected and non-elected officials. At all relevant times, RODRIGUEZ acted under

10  color of law, to wit, under the color of the statutes, ordinances, regulations, policies,

11  customs, and usages of Defendant CITY, the HPPD, and under the color of the

12  statutes and regulations of the State of California. At all relevant times,

13  RODRIGUEZ acted within the course and scope of his employment as a CITY police

14  officer. On information and belief, RODRIGUEZ is and was at all relevant times a

15  resident of this judicial district. RODRIGUEZ used excessive and unreasonable less-

16  lethal force against Decedent HECTOR BARBA, JR.

17       10.    At all relevant times, Defendant CITY OF HUNTINGTON PARK

18  ("CITY") is and was a municipal corporation existing under the laws of the State of

19  California. CITY is a chartered subdivision of the State of California with the

20  capacity to be sued. CITY is responsible for the actions, omissions, policies,

21  procedures, practices, and customs of its various agents and agencies, including

22  HPPD and its agents and employees. At all relevant times, Defendant CITY was

23  responsible for assuring that the actions, omissions, policies, procedures, practices,

24  and customs of the HPPD and its employees and agents complied with the laws of the

25  United States and of the State of California. At all relevant times, CITY was the

26  employer of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOES 1-10,

27  inclusive.

28       11.    Defendants DOES 1-7 ("DOE OFFICERS") are police officers for the

-3-

COMPLAINT FOR DAMAGES

HPPD, including but not limited to patrol officers, crisis negotiations officers, corporals, sergeants, field training officers, and other officers. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the HPPD. DOE OFFICERS were acting with complete authority and ratification of their principal, Defendants CITY.

12.     Defendants DOES 8-10 ("DOE SUPERVISORS") are supervisory officers for the HPPD who were acting under color of law within the course and scope of their duties as officers for the HPPD. DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant CITY.

13.     Defendants DOE SUPERVISORS are managerial, supervisorial, and policymaking employees of the HPPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the HPPD. DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant CITY.

14.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

16.     All the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment

1  capacity. Also, Defendants and their agents ratified all the acts complained herein.

2      17.    Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOES 1-10,

3  inclusive, are sued in their individual capacity, and punitive damages are only being

4  requested as to these Defendants, and not CITY.

5      18.    On or about June 17, 2022, Plaintiffs served a comprehensive and timely

6  government tort claim for damages with CITY pursuant to applicable sections of the

7  California Government Code.

8      19.    The CITY failed to respond to Plaintiffs' claim and therefore was

9  rejected by operation of law on August 1, 2022.

10

11      **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12      20.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

13  through 19 of this Complaint with the same force and effect as if fully set forth

14  herein.

15      21.    Upon information and belief, on January 17, 2022, at approximately

16  11:45 p.m., third party person(s) called 9-1-1 reporting that there was a fire at or

17  around 6511 Marbrisa Ave., where Decedent BARBA was lawfully present and had

18  not committed a crime. Firefighters arrived finding that there was no fire and

19  Decedent BARBA asked the firemen to take him to the hospital. Instead, they called

20  HPPD and left.

21      22.    Upon information and belief, approximately ten (10) minutes later,

22  HPPD officers arrived, including Defendants SANCHEZ; VERIELL;

23  RODRIGUEZ; and DOES 1-10, approached and began questioning Decedent

24  BARBA who was and had the right to be on his own residential property. Decedent

25  BARBA feared the HPPD officers given their response after his request for help.

26      23.    Upon information and belief, Defendants JESUS VERIELL; SAUL

27  RODRIGUEZ; and DOE OFFICERS unreasonably escalated the situation when

28  they began firing several less-lethal rounds at Decedent BARBA causing him great

fear, pain, and harm.

24.     Thereafter, Defendants MIGUEL SANCHEZ; and DOE OFFICERS unreasonably fired several deadly force rounds at, striking, and ultimately killing Decedent BARBA.

25.     Upon information and belief, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS did not have probable cause to arrest Decedent BARBA and did not have reasonable suspicion to believe that Decedent BARBA committed a crime, and Decedent BARBA had not committed any serious or violent crime. Further, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS had no information that Decedent BARBA had harmed any person or was about to harm any person, and Decedent BARBA did not harm any person.

26.     Decedent BARBA did not pose an immediate threat of death or serious bodily injury to any person at the time Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS shot him.

27.     After the shooting, the HPPD Officers, including Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS, failed to provide or delayed medical treatment for Decedent BARBA.

28.     Throughout the incident, the Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS displayed negligent tactics, prior to, during, and after their uses of deadly force, including, but not limited to their: positioning, planning, communication, commands, lack of warning, timing, distance, threat assessment, use of force, escalating the situation, failing to de-escalate the situation, and providing/summoning of medical care.

29.     Further, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's actions and inactions were unreasonable and in violation of basic officer training.

30.     As a direct and proximate result of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's actions, omissions, and misjudgments,

including their use of excessive and unreasonable force, Decedent BARBA was caused to suffer great physical and mental pain and suffering, loss of enjoyment of life, and loss of life.

31. The use of deadly force against Decedent BARBA was excessive and objectively unreasonable under the circumstances, especially because Decedent BARBA did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given that deadly force was going to be used.

32. Plaintiffs HECTOR BARBA, SR and NORMA BARBA are Decedent BARBA'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to Decedent BARBA'S interest in this action as the natural father and mother, respectively, of Decedent BARBA.

## **FIRST CLAIM FOR RELIEF**

### **Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS)

33. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

35. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS detained Decedent BARBA without reasonable suspicion and arrested him without probable cause.

36. When Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS used force against Decedent BARBA, pointed firearms at Decedent BARBA, and shot Decedent BARBA, they violated Decedent BARBA'S right to be

secure in his person against unreasonable searches and seizures as guaranteed to Decedent BARBA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Further, the scope and manner of the detention was unreasonable.

37.     The conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent BARBA and therefore warrants the imposition of exemplary and punitive damages as to Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS.

38.     As a result of their misconduct, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS are liable for HECTOR BARBA, JR'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

39.     Plaintiffs bring this claim as successors-in-interest to Decedent BARBA and seek survival damages for the violation of Decedent BARBA'S rights. Plaintiffs also seek reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS)

40.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

42.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS used excessive force against Decedent BARBA when they fired multiple less lethal and deadly force rounds, striking Decedent BARBA. Defendants

SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's unjustified shooting and other uses of force, deprived Decedent BARBA of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent BARBA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.    Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS violated Decedent BARBA'S Fourth Amendment rights when they used excessive and unreasonable force against Decedent BARBA, firing several lethal rounds at him, when Decedent BARBA was not an immediate threat of death or serious bodily injury at the time, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given prior to the shots that deadly force would be used.

44.    As a result of the foregoing, Decedent BARBA suffered great physical and mental pain and suffering up to the time of his death, loss of enjoyment of life, and loss of life.

45.    The conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent BARBA, and therefore warrants the imposition of exemplary and punitive damages as to Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS.

46.    The shooting was excessive and unreasonable, especially because Decedent BARBA posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's shooting, and use of force violated their training and standard police officer training, there were other reasonable alternatives, and no verbal warning was given.

47.    As a result of their misconduct, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS are liable for Decedent BARBA'S injuries,

either because they were integral participants in the wrongful detention and arrest or use of excessive force, or because they failed to intervene to prevent these violations.

48.     Plaintiffs bring this claim as successors-in-interest to the Decedent BARBA, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life, for the violation Decedent BARBA'S rights. Plaintiffs also seek reasonable attorneys' fees and costs.

## **THIRD CLAIM FOR RELIEF**

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS)

49.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

51.      The denial of medical care by Defendants DOES 1-10 deprived Decedent BARBA of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent BARBA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS failed to provide and call for timely medical care for Decedent BARBA after they used excessive and unreasonable force, including deadly force against Decedent BARBA.

53.     As a result of the foregoing, Decedent BARBA suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life.

54.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS knew that failure to provide timely medical treatment to Decedent BARBA could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent BARBA great bodily harm and death.

55.     The conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent BARBA and therefore warrants the imposition of exemplary and punitive damages as to Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS.

56.     As a result of their misconduct, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS are liable for Decedent BARBA'S injuries, either because they were integral participants in the wrongful detention, force, and denial of medical care, or because they failed to intervene to prevent these violations.

57.     Plaintiffs bring this claim as successors-in-interest to Decedent BARBA and seek survival damages for the violation of Decedent BARBA'S rights. Plaintiffs also seek reasonable attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS)

58.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

60.     The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.

61.     When Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS arrived, they shot Decedent BARBA multiple times, causing his death. The Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS failed to give Decedent BARBA a verbal warning before they used deadly force against him and took his life. Decedent BARBA was not an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Further, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS had no information that anyone had been injured, or that a serious crime had been committed. The use of force by Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS, without any warning, under these circumstances was unreasonable, excessive, exhibited a deliberate indifference to and reckless disregard for Decedent BARBA'S and Plaintiffs' rights, and displayed a purpose to harm Decedent BARBA unrelated to a legitimate law enforcement objective – especially because Decedent BARBA had not committed a serious or violent crime and was not an immediate threat of death or serious bodily injury. In so doing, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's conduct constitutes a violation of Plaintiffs' and Decedent BARBA'S Fourteenth Amendment Substantive Due Process right to be free from unlawful state interference with their familial relationship with their son and beloved family member.

62.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's conduct shocks the conscience and was in deliberate indifference to the rights of Decedent BARBA and Plaintiffs. Further, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS's acted with purpose to harm unrelated to a legitimate law enforcement objective.

63.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE

1  OFFICERS's conduct was malicious, oppressive and in reckless disregard for the

2  rights and safety of Decedent BARBA and Plaintiffs and warrants the imposition of

3  exemplary and punitive damages as to Defendants SANCHEZ; VERIELL;

4  RODRIGUEZ; and DOE OFFICERS.

5        64.    As a direct result of the death of Decedent BARBA, Plaintiffs have

6  suffered the loss of Decedent BARBA'S love, care, comfort, society, companionship,

7  assistance, protection, affection, moral support, financial support, and loss of services

8  of Decedent BARBA, and will continue to do so for the remainder of their lives.

9  Plaintiffs seek wrongful death damages under this claim.

10        65.    Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and

11  costs of suit.

12

13  **<u>FIFTH CLAIM FOR RELIEF</u>**

14  **Supervisor Liability (42 U.S.C. § 1983)**

15  (Plaintiffs v. Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS)

16        66.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

17  through 65 of this Complaint with the same force and effect as if fully set forth herein.

18        67.    Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS;

19  and DOE SUPERVISORS acted under color of law and within the course and scope

20  of their employment as HPPD officers for Defendant CITY.

21        68.    At all relevant times herein, Defendants SANCHEZ; and DOE

22  OFFICERS were acting under the supervision and direction of Defendants

23  VERIELL; RODRIGUEZ; and DOE SUPERVISORS.

24        69.    Defendants SANCHEZ; and DOE OFFICERS violated Plaintiffs' and

25  Decedent BARBA's constitutional rights when they unreasonably detained Decedent

26  BARBA, used excessive and unreasonable force against Decedent BARBA, denied

27  and/or delayed medical care to Decedent BARBA, and interfered with the familial

28  relationship between Plaintiffs and Decedent BARBA.

70.     Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS knowingly contributed, participated in, and failed to terminate or intervene in the constitutional violations as described herein. In other words, the conduct of Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS violated Plaintiffs and Decedent BARBA's rights through their unconstitutional policies, procedures, training, supervision, and direct involvement in this action.

71.     Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS knew of should have known that Decedent BARBA was not an immediate threat to officers or any other person at the time force was used and should have de-escalated the situation as opposed to escalating the situation themselves and allowing the situation to escalate by the conduct of their subordinates.

72.     By their individual conduct of as described herein, Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS set in motion a series of acts by their subordinates. Once set in motion, Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS refused to terminate that series of acts by their subordinates, that Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS knew or reasonably should have known would cause the subordinates to deprive Plaintiffs and Decedent BARBA of their rights.

73.     Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS disregarded the known and/or obvious consequence that their particular policy, training, and supervision deficiencies and omissions would cause their subordinates to violate Plaintiffs and Decedent BARBA's constitutional rights; and the policy and training deficiencies and omissions of Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS caused their subordinates to deprive Plaintiffs and Decedent BARBA of their constitutional rights.

74.     Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS's conduct was so closely related to the deprivation of rights of Plaintiffs and Decedent

BARBA, specifically because they personally participated in those deprivations, that it was the moving force that caused their ultimate injury, harm, and/or damages.

75.     The conduct of Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent BARBA and therefore warrants the imposition of exemplary and punitive damages as to Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS.

76.     As a direct and proximate result of Defendants VERIELL; RODRIGUEZ; and DOE SUPERVISORS's conduct, Plaintiffs have suffered the loss of Decedent BARBA'S love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of Decedent BARBA, and will continue to do so for the remainder of their lives. Further Decedent BARBA suffered pre-death pain and suffering, loss of life, loss of enjoyment of life, and loss of life.

77.     Plaintiffs bring this claim individually and as successors-in-interest to Decedent BARBA and seek survival and wrongful death damages.

78.     Plaintiffs also seek reasonable attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### Municipal Liability – Ratification (42 U.S.C. § 1983)
(Plaintiffs v. Defendants CITY and DOE SUPERVISORS)

79.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

81.     The acts of Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS deprived Decedent BARBA and Plaintiffs of

their particular rights under the United States Constitution.

82.     Upon information and belief, a final policymaker, a DOE SUPERVISOR, ratified Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS's acts and the bases for their actions. Upon information and belief, the final policymaker knew of and specifically approved of Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS's conduct, including actions and inactions.

83.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS were "within policy," and have ratified multiple prior incidents of the use of excessive force, including excessive less-lethal force and deadly force.

84.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent BARBA. The aforementioned acts and omissions also caused Decedent BARBA'S pain and suffering, loss of enjoyment of life, and loss of life.

85.     Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiffs bring this claim individually and as successors-in-interest to Decedent BARBA and seek survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Plaintiffs v. Defendants CITY and DOE SUPERVISORS)

87.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

89.     The acts of Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS deprived Decedent BARBA and Plaintiffs of their particular rights under the United States Constitution.

90.     The training policies of Defendants CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, and the use of force, including deadly force.

91.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, and the use of force, including deadly force.

92.     The failure of Defendant CITY to provide adequate training caused the deprivation of Decedent and Plaintiffs' rights by Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS; that is, Defendants' failure to train is so closely related to the deprivation of Decedent BARBA'S and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

93.     On information and belief, Defendant CITY failed to train Defendants DOES 1-10 properly and adequately, including training with respect to tactics, and the use of force, including deadly force, and the denial of medical care thereafter.

94.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent BARBA. The aforementioned acts and omissions also caused Decedent BARBA'S pain and suffering, loss of enjoyment of life, and loss of life.

95.     Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

96.    Plaintiffs bring this claim individually and as successors-in-interest to Decedent BARBA and seek survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiffs v. Defendants CITY and DOE SUPERVISORS)

97.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98.    Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS acted under color of law and within the course and scope of their employment as HPPD officers for Defendant CITY.

99.    Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

100.   On information and belief, Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Decedent BARBA'S harm, injury, and/or death.

101.   Defendants CITY, and Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

> (a)    Using excessive force, including excessive deadly force;
>
> (b)    Providing inadequate training regarding the use of deadly force;
>
> (c)    Employing and retaining as police officers individuals such as Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS, who Defendant CITY at all times material herein knew

or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants DOES 1-10;

(f)     Failing to adequately discipline CITY police officers, including Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)     Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)     Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while

following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)      Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of mentally ill individuals;

(k)      Upon information and belief, CITY, including but not limited to HPPD, have an unofficial policy, practice and/or custom of finding almost all—if not all—of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, or not retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in excessive and unreasonable officer-involved shootings. As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though CITY knew, or should have known, that these officers have a propensity for using excessive deadly force against the citizens that the officers are supposed to protect and serve, especially against minorities and the mentally ill;

(l)      Upon information and belief, as a result of CITY policy, custom and/or practices, officers know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in a significant number of CITY officers being involved in numerous shootings. This policy, custom and/or practice was established by supervising and managerial employees of CITY, specifically, those employees tasked with determining whether officer-involved shootings fall within policy, those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against officers who use excessive deadly force; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(m)    Upon information and belief, this policy, custom and/or practice long lasting and persistent, and existed well before Decedent BARBA was killed by the Defendant officers. This policy, custom and/or practice was established so that CITY officers do not bear the responsibility for the people that they use excessive deadly force against. This policy, custom and/or practice exists so that the public does not have such a negative perception of CITY and its police department and so that CITY can avoid the repercussions associated with its officers' use of excessive deadly force against citizens, including negative publicity, avoiding criminal prosecution, and avoiding civil liability. A significant reason that this policy, custom and/or practice was established was to avoid CITY being liable, under a theory of vicarious liability, for the uses of excessive and unreasonable deadly force by its employees.  In other words, there is a large financial incentive for CITY to erroneously determine that most, if not all, of its officers' uses of deadly force are within policy. If CITY, through its policymakers and supervisors, would admit that their officers were at fault for using excessive and unreasonable deadly force, then CITY is well aware of how much they would have to pay for any associated litigation.

102.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent BARBA. The aforementioned acts and omissions also caused Decedent BARBA'S pain and suffering, loss of enjoyment of life, and loss of life.

103.   Defendants CITY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said

1   Defendants also acted with deliberate indifference to the foreseeable effects and
2   consequences of these policies with respect to the constitutional rights of Decedent
3   BARBA, Plaintiffs, and other individuals similarly situated.

4       104.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous
5   conduct and other wrongful acts, DOE SUPERVISORS acted with intentional,
6   reckless, and callous disregard for the life of Decedent BARBA and for Decedent
7   BARBA'S and Plaintiffs' constitutional rights. Furthermore, the policies, practices,
8   and customs implemented, maintained, and still tolerated by Defendants CITY and
9   DOE SUPERVISORS were affirmatively linked to and were a significantly
10  influential force behind the injuries of Decedent BARBA and Plaintiffs.

11      105.   Accordingly, Defendants CITY and DOE SUPERVISORS each are
12  liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

13      106.   Plaintiffs bring this claim individually and as successors-in-interest to
14  Decedent BARBA and seek survival and wrongful death damages. Plaintiffs also
15  seek reasonable attorneys' fees and costs.

16

17                      **NINTH CLAIM FOR RELIEF**
18                    **False Arrest/False Imprisonment**
19      (Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE
20                  OFFICERS directly and CITY vicariously)

21      107.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
22  through 106 of this Complaint with the same force and effect as if fully set forth
23  herein.

24      108.   Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE
25  OFFICERS, while working as officers for the HPPD and acting within the course and
26  scope of their duties, intentionally deprived Decedent BARBA of his freedom of
27  movement by use of force, threats of force, menace, fraud, deceit, and unreasonable
28  duress. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS

1  detained Decedent BARBA without reasonable suspicion and arrested him without
2  probable cause.

3       109.   Decedent BARBA did not knowingly or voluntarily consent.

4       110.   Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE
5  OFFICERS detained Decedent BARBA for an appreciable amount of time.

6       111.   The conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and
7  DOE OFFICERS was a substantial factor in causing the harm to Decedent BARBA.

8       112.   Defendant CITY is vicariously liable for the wrongful acts of
9  Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS pursuant to
10  section 815.2(a) of the California Government Code, which provides that a public
11  entity is liable for the injuries caused by its employees within the scope of the
12  employment if the employee's act would subject him or her to liability.

13       113.   The conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and
14  DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a
15  conscious disregard for the rights of Decedent BARBA, entitling Plaintiff to an
16  award of exemplary and punitive damages.

17       114.   As a result of their misconduct, Defendants SANCHEZ; VERIELL;
18  RODRIGUEZ; and DOE OFFICERS are liable for Decedent BARBA'S injuries,
19  either because they were integral participants in the wrongful detention and arrest, or
20  because they failed to intervene to prevent these violations.

21       115.   Plaintiffs bring this claim as successors-in-interest to Decedent BARBA
22  and seek wrongful damages under this claim.

23

24                 **TENTH CLAIM FOR RELIEF**
25                **Battery** (Survival/Wrongful Death)
26       (Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE
27             OFFICERS directly and CITY vicariously)

28

116.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 115 of this Complaint with the same force and effect as if fully set forth herein.

117.   Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS, while working as officers for the HPPD, and acting within the course and scope of their duties, intentionally shot Decedent BARBA multiple times, and used unreasonable and excessive force against him.

118.   The use of force against Decedent BARBA by Defendants was unreasonable because Decedent BARBA did not pose an immediate threat to any person any the time, there were less intrusive alternatives, no verbal warning was given, and Defendants were responding to a call for help.

119.   As a result of the actions of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS, Decedent BARBA suffered severe pain and suffering and ultimately died from his injuries. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS had no legal justification for using force against Decedent BARBA, and their use of force while carrying out their duties as police officers was an unreasonable and nonprivileged use of force.

120.   As a direct and proximate result of the conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS as alleged above, Decedent BARBA sustained injuries and damages, and died as a result of his injuries.

121.   CITY is vicariously liable for the wrongful acts of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

122.   The conduct of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedent BARBA, entitling

1  Plaintiffs, individually and as successors-in-interest to Decedent BARBA, to an

2  award of exemplary and punitive damages as to Defendants SANCHEZ; VERIELL;

3  RODRIGUEZ; and DOE OFFICERS.

4      123.   As a result of their misconduct, Defendants SANCHEZ; VERIELL;

5  RODRIGUEZ; and DOE OFFICERS are liable for Decedent BARBA'S injuries,

6  either because they were integral participants in the battery, or because they failed to

7  intervene to prevent these violations.

8      124.   Plaintiffs bring this claim individually and as successors-in-interest to

9  Decedent BARBA and seek survival and wrongful death damages under this claim.

10  Plaintiffs also seek punitive damages.

11

12              **ELEVENTH CLAIM FOR RELIEF**

13              **Negligence** (Wrongful Death)

14      (Plaintiffs v. Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE

15              OFFICERS directly and CITY vicariously)

16      125.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

17  through 124 of this Complaint with the same force and effect as if fully set forth

18  herein.

19      126.   Police officers, including Defendants, have a duty to use reasonable care

20  to prevent harm or injury to others. This duty includes using appropriate tactics,

21  giving appropriate commands, giving warnings, and not using any force unless

22  necessary, using less than lethal options, and only using deadly force as a last resort.

23      127.   Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE

24  OFFICERS breached this duty of care. Upon information and belief, the actions and

25  inactions of Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE

26  OFFICERS were negligent and reckless, including but not limited to:

27          (a)     the failure to properly and adequately assess the need to detain,

28      arrest, and use force or deadly force against Decedent BARBA;

-25-

COMPLAINT FOR DAMAGES

(b)    the negligent tactics and handling of the situation with H

Decedent BARBA, including pre-shooting negligence;

(c)    the negligent detention, arrest, and use of force, including deadly

force, against Decedent BARBA;

(d)    the failure to provide prompt medical care to Decedent BARBA;

(e)    the failure to properly train and supervise employees, both

professional and non-professional, including Defendants SANCHEZ;

VERIELL; RODRIGUEZ; and DOE OFFICERS;

(f)    the failure to ensure that adequate numbers of employees with

appropriate education and training were available to meet the needs of and

protect the rights of Decedent BARBA;

(g)    the negligent handling of evidence and witnesses;

(h)    the negligent communication of information during the incident;

(i)    the failure to properly train Defendants SANCHEZ; VERIELL;

RODRIGUEZ; and DOE OFFICERS with regard to handling situations such

as the present case.

128.   As a direct and proximate result of Defendants' conduct as alleged

above, and other undiscovered negligent conduct, Decedent BARBA was caused to

suffer severe pain and suffering and ultimately died. Also, as a direct and proximate

result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the

life-long love, companionship, comfort, support, society, care and sustenance of

Decedent BARBA, their son, and will continue to be so deprived for the remainder of

their natural lives.

129.   CITY is vicariously liable for the wrongful acts of Defendants

SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS pursuant to section

815.2(a) of the California Government Code, which provides that a public entity is

liable for the injuries caused by its employees within the scope of the employment if

the employee's act would subject him or her to liability.

130.   As a result of their misconduct, Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS are liable for Decedent BARBA'S injuries, either because they were integral participants in their negligence, or because they failed to intervene to prevent these violations.

131.   Plaintiffs bring this claim as successors-in-interest to Decedent BARBA and seek wrongful death damages under this claim.

## TWELFTH CLAIM FOR RELIEF
### Bane Act (Violation of Cal. Civil Code § 52.1)
(Plaintiffs v. all Defendants)

132.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 131 of this Complaint with the same force and effect as if fully set forth herein.

133.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using or attempting to use violent acts, threat, intimidation, or coercion to interfere with the exercise or enjoyment by any individuals' rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state in retaliation against another person for exercising that person's constitutional rights.

134.   On information and belief, Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS, while working for CITY and acting within the course and scope of their duties, intentionally committed, and attempted to commit acts of violence against Decedent BARBA, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

135.   When Defendants used excessive and unreasonable force against Decedent BARBA, they intentionally interfered with his civil rights to be free from excessive force, and to timely medical care.

136.   Further, the Defendants used excessive and unreasonable force in violation of the Constitution with intent to deprive Decedent BARBA of his Constitutional rights to be free from excessive force.

137.   On information and belief, Defendants intentionally violated Decedent BARBA'S rights to be free from excessive force by demonstrating reckless disregard for his rights when Defendants SANCHEZ; VERIELL; RODRIGUEZ; and DOE OFFICERS shot and killed Decedent BARBA.

138.   Defendants intentionally interfered with the above civil rights of Decedent BARBA and Plaintiffs.

139.   The conduct of Defendants was a substantial factor in causing Decedent BARBA'S and Plaintiffs' harms, losses, injuries, and damages.

140.   CITY is vicariously liable for the wrongful acts of Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

141.   Defendants DOE SUPERVISORS are vicariously liable under California law and the doctrine of *respondeat superior*.

142.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent BARBA'S and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS.

143.   Plaintiffs bring this claim as successors-in-interest to Decedent BARBA and seek survival and wrongful death damages under this claim.

144.   Plaintiffs also seek punitive and treble damages as well as attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs HECTOR BARBA, SR, and NORMA BARBA request entry of judgment in their favor and against Defendants CITY OF HUNTINGTON PARK; SANCHEZ; VERIELL; RODRIGUEZ; DOE OFFICERS; and DOE SUPERVISORS, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.    For funeral and burial expenses;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, and treble damages, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:    December 12, 2022    **LAW OFFICES OF DALE K. GALIPO**

**LAW OFFICES OF GRECH & PACKER**

By:      */s/ Dale K. Galipo*
_____

Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:     December 12, 2022        **LAW OFFICES OF DALE K. GALIPO**

**LAW OFFICES OF GRECH & PACKER**

By: _____ */s/ Dale K. Galipo* _____

Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiffs*